■  In the Matter of IRWIN S. JACOBSON et al., Petitioners, v. JOHN J. GHEZZI, as Acting Secretary of State of the State of New York, Respondent. — Determination dated March 14, 1974, revoking the real estate licenses of all petitioners and the commission of petitioner Bernstein to act as a notary public, unanimously annulled, on the law, and the petitioners' licenses and petitioner Bernstein's commission to act as a notary public reinstated, without costs or disbursements. Petitioners were charged with fraudulent practices and demonstrated untrustworthiness in the purchase and sale of two houses, denominated as the Douglas and Malta properties. Each sale involved mortgage loan applications in which the prospective purchasers made false statements to induce the granting of a Federally guaranteed mortgage commitment. Each petitioner was either a principal of the realty corporation involved or directly involved in the sales of the properties. The Douglas property involved a Federal Housing Authority guarantee and the Malta property involved a Veterans Administration guarantee. The hearing officer found that petitioners knew of and fostered these false representations and found petitioners guilty of untrustworthiness pursuant to section 441-c of the Real Property Law. The Douglas application falsely stated that the three purchasers were relatives. The testimony of the purchasers was ambiguous as to who, if anyone, induced them to falsify their application form. Such testimony cannot support a finding of guilt with the penalties attendant thereon. The evidence of fraud in the Malta application is even flimsier. There is no clear showing that the prospective purchaser was a fictitious person used solely as a nominee to obtain Veterans Administration benefits. The Veterans Administration made its usual investigations, as did the title company involved. As to the alleged misrepresentation of Moore's employment, there was nothing to connect that misrepresentation to an act or acquiescence of the petitioners. In view of the failure of the respondent to adduce substantial evidence to support a finding of guilt, the determination should be annulled. Concur — Kupferman, J. P., Murphy, Tilzer and Lane, JJ.